USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT HANDLOWITCH, JR.,

                Plaintiff,

    -v-

VERIZON COMMUNICATIONS, INC.,

                Defendant.

No. 18-cv-617 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Plaintiff Kent Handlowitch, Jr. ("Plaintiff") commenced this action against Defendant Verizon Communications, Inc. ("Defendant") in New York Supreme Court, New York County, whereupon Defendant removed the case to this Court, asserting that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. No. 4.) Now before the Court is Plaintiff's motion to remand this action to the New York State Supreme Court pursuant to 28 U.S.C. § 1447 (Doc. No. 15), and Defendant's countermotion to dismiss the amended complaint on the grounds that it is preempted by ERISA (Doc. No. 20). For the reasons set forth below, Plaintiff's motion is GRANTED and Defendant's motion is DENIED.

I. BACKGROUND[1]

Beginning in 1988, Plaintiff, a New York resident, worked for Defendant Verizon Communications, Inc., a corporation with its principal place of business in Manhattan. (Compl. ¶¶ 21, 28.) On June 16, 2015, Defendant terminated Plaintiff's employment purportedly because

---

[1] Unless otherwise noted, the following facts are taken from the state-court amended complaint. (Doc. No. 4-2 ("Compl.").) The Court has also considered Plaintiff's pre-motion letter in support of remand (Doc. No. 15), Defendant's response letter (Doc No. 17) and opposing brief (Doc. No. 20 ("Opp'n")), and Plaintiff's reply (Doc. No. 23 ("Reply")).

he improperly recorded time entries for his subordinates. (*Id.* ¶¶ 33–34.) However, Plaintiff avers that this reason was pretextual, and that Defendant actually fired him to prevent him from qualifying for the company's so-called "Rule of 75" compensation program for older managers. (*Id.* ¶¶ 15, 37.) Under that program, managers are entitled to additional wages, an increased pension, and other benefits once their age plus their years of service equals 75. (*Id.* ¶ 16.) At the time of his dismissal, Plaintiff was just seven months shy of reaching the "magic number" of 75 – which would have qualified him to receive approximately $300,000.00 in combined additional wages, pension payments, and other benefits, and would have entitled him to a seven-month severance package in the event of a termination. (*Id.* ¶¶ 16, 37.) Defendant immediately replaced Plaintiff with a 23-year-old individual who was paid a much lower salary and who, due to his age, did not qualify for the $12,000.00 annual bonus, five weeks of vacation time, and other assorted benefits to which Plaintiff was entitled, thereby enabling Defendant "to save considerably at Plaintiff's expense." (*Id.* ¶¶ 14, 38.)

On December 28, 2017, Plaintiff filed the instant suit against Defendant in New York Supreme Court, alleging wrongful termination in violation of the New York City Human Rights Law ("NYCHRL"). (Doc No. 4-1.) On January 25, 2018, Plaintiff filed a nearly identical amended complaint in the same court alleging age discrimination in violation of § 8-107(a) of the NYCHRL (Compl. ¶ 42), which provides that "[i]t shall be an unlawful discriminatory practice for an employer . . . because of the actual or perceived age . . . of any person . . . to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment[,]" N.Y.C. Admin. Code § 8-107. That same day, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. No. 4.) Defendant asserts that Plaintiff's NYCHRL claim is completely preempted by ERISA, which provides the exclusive civil enforcement mechanism for claims relating to a benefits plan, and is

therefore properly within the subject matter jurisdiction of this Court. (*Id.*) On March 20, 2018, pursuant to Rule 2(A) of the Court's Individual Rules and Practices, Plaintiff filed a pre-motion letter in support of his contemplated motion to dismiss this case for lack of subject matter jurisdiction. (Doc. No. 15.) On April 9, 2018, the Court held a conference at which it deemed Plaintiff's motion made. (Doc. No. 18 at 17.) Defendant filed its opposition memorandum on May 11, 2018, along with a counter-motion to dismiss the amended complaint with prejudice on the grounds that Plaintiff's NYCHRL claim is completely preempted by ERISA. (Doc. No. 20.) The motions were fully briefed on June 15, 2018.

## II. LEGAL STANDARD

A civil action brought in state court may be removed to a federal district court if it could have originally been commenced in federal court. 28 U.S.C. § 1441(a). Where, as here, there is no diversity of citizenship between the parties, the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of the United States district courts. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1331 ("The district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). When a federal statute completely preempts a state-law cause of action, the state claim is "necessarily federal in character" and removal is appropriate. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). ERISA Section 502(a) provides "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper

processing of a claim for benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987). "Assertion of ERISA preemption permits removal of the beneficiary's case from state court, even if the complaint has pleaded only state law claims." *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994) (citing *Metro. Life Ins. Co.*, 481 U.S. 58, 63–67 (1987); *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 10 (2d Cir. 1992)). "In such instances . . . the defendant bears the burden of demonstrating the propriety of removal." *Id.*

"[T]he analysis of ERISA preemption must start with the presumption that 'Congress does not intend to supplant state law.'" *Stevenson v. Bank of N.Y. Co.*, 609 F.3d 56, 59 (2d Cir. 2010) (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654 (1995)). ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a) (emphasis added). The key phrase "relate to" is "so expansive as a textual matter as to afford no meaningful limitation on the scope of ERISA preemption." *Stevenson*, 609 F.3d at 59 (citing *Travelers*, 514 U.S. at 655–56). Therefore, courts "must go beyond the unhelpful text . . . and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Travelers*, 514 U.S. at 656. These objectives include "protect[ing] . . . the interests of participants in employee benefit plans and their beneficiaries" and "providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b).

The Supreme Court has established a two-prong test for courts to use in determining whether a state law claim is completely preempted by ERISA and therefore subject to federal jurisdiction. *Davila*, 542 U.S. at 210. Pursuant to that test, a plaintiff's claim is completely preempted by ERISA "[1] if [the plaintiff], at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and [2] where there is no other independent legal duty that is

implicated by a defendant's actions." *Id.* Both prongs must be satisfied in order for the court to find preemption. *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011). In the Second Circuit, the first prong has been divided into two distinct inquiries: (1) "whether the plaintiff is the *type* of party that can bring a claim pursuant to § 502(a)(1)(B)," and (2) "whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." *Id.*

The parties do not dispute that the first prong of the *Davila* test is satisfied here. Specifically, Plaintiff – as a "participant or beneficiary" of an employee benefit plan – is the type of party that can bring a claim pursuant to § 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B) (providing that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"). And because Plaintiff has accused Defendant of, *inter alia*, discharging him to interfere with his "Rule of 75" benefits – conduct which is prohibited by ERISA – Plaintiff's claim can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B). *See* 29 U.S.C. § 1140 (prohibiting the "discharge . . . [of] a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled"). Accordingly, the Court finds that the first prong of the *Davila* test is satisfied here.

However, Defendant fails to satisfy the second prong of the *Davila* test. With respect to that prong, Defendant must prove that its actions implicated no legal duty independent of ERISA, such that its potential liability "derives entirely from the particular rights and obligations established by the benefits plan." *Davila*, 542 U.S. at 213–14 (finding ERISA preemption where the plaintiff brought suit "only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and [did] not attempt to remedy any violation of a legal duty independent of

ERISA"). Here, several of Plaintiff's claims are largely unrelated to pension plan benefits, and are principally focused on Plaintiff's damages resulting from Defendant's age-discrimination in violation of the NYCHRL. (*See, e.g.*, Compl. ¶¶ 38–39.) Indeed, Plaintiff has explicitly alleged that his dismissal was part of Defendant's "continuing pattern, practice, and policy of discriminating against employees over the age of 45 in hiring, promotions, terminations, and other terms and conditions of employment." (*Id.* ¶ 10.) In fact, Plaintiff names two other managers in their mid- to late- forties who were "summarily dismissed and quickly replaced with inexperienced new hires in their [twenties]" during the same time period as Plaintiff, as well as five other "experienced and capable managers" who "were terminated after they reached the age of forty." (*Id.* ¶¶ 17–20.) Accordingly, Plaintiff has sufficiently alleged that Defendant's actions implicate a legal duty independent of ERISA.

The cases cited by Defendant in support of preemption are wholly inapposite, since the plaintiffs in each of those cases alleged *solely* that the defendant intended to interfere with their benefits. (*See* Opp'n at 6–10.) In *Harris v. Michigan Consolidated Gas Co.*, for example, the plaintiff "state[d] that the *sole purpose* her employers had for discharging her was to prevent her from obtaining benefits under . . . qualified ERISA plans." 117 F. Supp. 2d 642, 643 (E.D. Mich. 2000) (emphasis added). Therefore, "[the defendant's] intention to interfere with her benefits [was] not incidental to her claim; it [was] her claim, and [was] thus a straightforward claim under § 510 of ERISA." *Id.* at 645. Similarly, in *Wood v. Prudential Insurance Co. of America*, the Third Circuit found "that depriving [the plaintiff] of his retirement benefits was the motivating *purpose* for, and not merely a consequence of, his termination," thereby justifying ERISA

preemption. 207 F.3d 674, 676–77 (3d Cir. 2000) (emphasis in original) (internal quotation marks omitted).[2]

Notwithstanding the fact that Plaintiff clearly asserts discrimination claims under NYCHRL, Defendant argues that "the allegations regarding Plaintiff's younger replacement . . . are insufficient to state a claim of age discrimination" under the NYCHRL. (Opp'n at 6 n.2.) But the burden of establishing a *prima facie* case of age discrimination "is not a heavy one" and is easily met by Plaintiff in this case.[3] *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010). Specifically, the Complaint alleges that Plaintiff was 47 years old when his employment was terminated, he was qualified for his position, his termination constituted an adverse employment action, and he was replaced by a significantly younger employee. (Compl. ¶¶ 13–14, 20–25); *see also Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000) (listing elements of *prima facie* case for age discrimination). Plaintiff has even alleged that Defendant engaged in a pattern of replacing older employees with significantly younger employees. (*See* Compl. ¶ 19.) Thus, at bottom, "[this] is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits; it is a lawsuit claiming . . . discrimination . . . resulting in damages, one component of which is a sum owed under the provision of the . . . plan."

---

[2] *See also Schultz v. Tribune ND, Inc.*, 754 F. Supp. 2d 550, 561 (E.D.N.Y 2010) ("[Plaintiff] alleges that the 'sole reason' [Defendant] terminated him was to deprive him of his disability benefits."); *Bunner v. PSE & G*, No. 11-cv-2744 (CLW) (ES), 2012 WL 1044313, at *5–6 (D.N.J. Mar. 9, 2012) ("[T]here is nothing in the Complaint to substantiate the claim other than an allegation that [Defendant] terminated Plaintiff's employment to avoid paying full benefits, including his full pension."), *report and recommendation adopted*, 2012 WL 1059751 (D.N.J. Mar. 27, 2012); *Wolman v. Petro Technik, Inc.*, No. 11-cv-1623 (SDW), 2011 WL 5082237, at *5 (D.N.J. Sep. 16, 2011) ("Plaintiff specifically alleges that defendants intentionally discriminated against her . . . for the purpose of interfering with her attainment of rights to which she as a participant was entitled under her employer's benefits' plans."); *Foy v. Wakefern Food Corp.*, No. 09-cv-1683 (JLL), 2010 WL 147925, at *5 (D.N.J. Jan. 7, 2010) ("[Plaintiff] does not provide any factual basis for his assertion that his age was a motivating factor to [Defendant's] decision, separate from any correlation his age has with his salary and benefits."); *Hailey v. AGL Resources, Inc.*, No. 07-cv-2352 (JLL), 2008 WL 482331 (D.N.J. Feb. 19, 2008) ("[A] 'benefits-defeating' motive . . . forms the very basis of Plaintiffs' state law claim of discrimination.").

[3] This is especially true of claims made under the NYCHRL, which is construed more liberally than state and federal law. *See, e.g., Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009).

*Wright v. Gen. Motors Corp.*, 262 F.3d 610, 615 (6th Cir. 2001). Accordingly, the second prong of the *Davila* test is not satisfied here, and Plaintiff's claims are not preempted by ERISA.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's NYCHRL claims are not preempted by ERISA. Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's motion to remand this case to the New York Supreme Court is GRANTED. IT IS FURTHER ORDERED THAT Defendant's motion to dismiss the complaint with prejudice is DENIED. The Clerk of Court is respectfully directed to: (1) remand this action to New York Supreme Court, New York County, and (2) close this case.

SO ORDERED.

Dated:     April 24, 2019
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting By Designation

8